■ MERRITT-CHAPMAN & SCOTT CORPORATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41927.) — AULISI, J. Appeal from a judgment of the Court of Claims entered on February 5, 1965 which awarded the

sum of $52,723.18 to claimant as interest on final payment due it in connection with a contract for the construction of the Monticello-Liberty State highway. Claimant's final estimate submitted to the State showed an amount due in the sum of $532,452.58 and when it encountered delay in receiving payment claimant requested interest thereon from January 24, 1961, the date of the acceptance of the completed contract by the State. Said amount of the final estimate having been found to be correct a judgment in claimant's favor was entered on April 22, 1963 for $532,452.58, paid on May 18, 1963 and the right of the claimant to prosecute its claim for interest thereon was reserved for subsequent trial. Thereafter, the trial court found that the delay of more than 27 months between the acceptance of the contract work and the making of the final payment was unreasonable and occasioned by "ineptitude" on the part of the representatives of the State. We agree. In our view the record before us amply sustains the trial court's determination. We see no reason to disturb it and it is our opinion that the awarding of interest was clearly proper (*Byrne Constr. Co.* v. *New York State Thruway Auth.*, 19 A D 2d 192, mot. for lv. to app. den. 13 N Y 2d 598; *Rusciano & Son Corp.* v. *State of New York*, 201 Misc. 690, affd. 281 App. Div. 733, mot. for lv. to app. den. 305 N. Y. 932). It is our belief, however, that the evidence before us discloses that a reasonable time was necessary for the State to complete its processing of the final payment after it had accepted the completed contract on January 24, 1961. We accept the testimony of claimant's witness that 90 days would not be an unreasonable time for the completion of such processing. The State several times mentions the "several months" necessary to process these matters (see *Lenart Constructors* v. *State of New York*, 6 Misc 2d 473; *Rusciano & Son Corp.* v. *State of New York*, supra). We, therefore, find that an allowance of 90 days is reasonable and that interest should not have begun to run until April 24, 1961. The State's other contentions are without merit. Judgment modified, on the law and the facts, so as to award interest from April 24, 1961, and, as so modified, affirmed, with costs to the respondent. Settle order. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.